**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MICHELLE FOY, | : | |
| Plaintiff, | : | |
| vs. | : | CA 16-0474-C |
| AMERICAN LEGION, POST 44, INC., | : | |
| Defendant. | | |

**JUDGMENT**

With respect to plaintiff Michelle Foy, **JUDGMENT IS HEREBY ENTERED AS**

**FOLLOWS**:

1.      Defendant, American Legion, Post 44, Inc. ("American Legion"), shall pay

to the settling plaintiff, Michelle Foy, the sum of $1,750.00, which consists of a

compromise of the unpaid overtime (723.25 hours) Foy claims she worked during her

employment with the defendant from July 2, 2014 through May 31, 2015.[1]

2.      Defendant also shall pay reasonable costs and attorney's fees totaling

$2,000.00[2] to Daniel A. Hannan, Esquire, attorney for plaintiff.

3.      This Judgment has been reached as a compromise of disputed claims and

is not to be deemed an admission of fault or liability by American Legion.

---

[1]      It is clear, based upon a review of the motion and attached settlement agreement, that the settlement amount does not include an equal amount in liquidated damages inasmuch as the parties have recognized that "[t]he $1,750 to be paid to Foy is subject to payroll deductions for state and federal withholding taxes and for Foy's employee FICA contribution." (Doc. 15, Exhibit 1, at 1; *see also id.* ("American Legion will make the required employer FICA contribution on the amount paid to Foy.").)

[2]      This total constitutes $400.00 in costs and reasonable attorney's fees of $1,600.00.

4.      This Judgment provides a total resolution and complete satisfaction of any and all overtime pay claims and allegations by the settling plaintiff against the defendant (and any individual officer, agent, or employee of American Legion) that are or could have been asserted in this action. In addition, the terms of the settlement recognized herein represent a fair and reasonable resolution of this bona fide FLSA dispute.

5.      This Judgment shall act to dismiss all claims of the plaintiff against the defendant **with prejudice**.

6.      In light of the foregoing, it is **ORDERED** that this action be **DISMISSED** from the active docket of the Court, **with prejudice**, provided that any party may reinstate this action within thirty (30) days after the date of the entry of this Judgment— and the concurrent Order entered today's date—if the settlement is not consummated in the interim.

7.      Provided no party reinstates this action, final judgment, as prescribed by Rule 58 of the Federal Rules of Civil Procedure, shall be deemed as entered on **December 22, 2016**.

DONE this the 22nd day of November, 2016.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**